United States District Court
Southern District of Texas

**ENTERED**

April 30, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH JEOVANNY FLORES-BANEGAS,<br>　　　Petitioner, | § § § § § | CIVIL ACTION NUMBER<br>4:26-cv-01918 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| KRISTI NOEM, *et al*,<br>　　　Respondents. | § § | |

### ORDER ON DISMISSAL

Petitioner Joseph Jeovanny Flores-Banegas filed a petition for writ of *habeas corpus* on March 10, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) violates (i) the Due Process Clause of the Fifth Amendment, (ii) the Fourth Amendment, (iii) the *Accardi* doctrine as to 8 CFR §287.8(c)(2), (iv) the Administrative Procedure Act, and (v) the Immigration and Nationality Act. Id at ¶¶29–175.

The Government was ordered to show cause only as to procedural due process, the Fourth Amendment, and the *Accardi* doctrine, as the remaining claims had been rejected in prior cited decisions. Dkt 4 at 4.

Pending is a motion by the Government for summary judgment. Dkt 5. It maintains that Petitioner's detention under 8 USC §1225(b)(2)(A) is lawful and that each of his claims fail on the merits. Id at 8–23.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for

admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.
- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that claims as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest.
- o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.
- o *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that an alien's prior release on supervision doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination.

The arguments presented by Petitioner in the petition and reply raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Joseph Jeovanny Flores-Banegas is thus DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 30, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3